HENRY HOMUTH V. ROBERT ZAPP.

That an estate of a deceased person had neither debtors nor creditors, and be-
longed to minor heirs, for whom a guardian had been appointed, who took the
property into his possession and rented it to defendant; and that defendant
paid such guardian the rent; and that the plaintiff subsequently obtained let-
ters of administration on said estate, and sued the defendant for the rent in a
Justice's Court; and that the Justice, refusing to hear defendant's proof that
he had paid the rent as alleged, gave judgment against him for the amount,
is good cause for a certiorari

Error from Fayette.    Tried below before the Hon. James H.
Bell.

Petition filed March 22d, 1856, as follows:—

The petition of Henry Homuth, a resident of said county, and
plaintiff in this suit, complains of Robert Zapp, administrator of
Mary Craig, deceased, and makes known that on the 22d day of
February, 1854, he rented from Isaac Cook, for the term of one
year from the first day of January preceding, the house and lot
or lots containing the place known as the Craig place in the town
of Lagrange, in the county aforesaid; that said Cook, as he is
informed, believes and charges, went into possession of said pre-
mises under a deed made and executed by the Assessor and Col-
lector of taxes of said county to L. F. Price, Esq.; that while
in possession, plaintiff is informed, believes and charges, one
      whose name is unknown to plaintiff, as the guardian of the
property of the heirs of said Mary Craig, redeemed said premises
from tax sale, and placed said Cook in possession as his agent,
with power to rent out and control the same; that he is also in-
formed, believes and charges, that said Mary Craig died some
four or five years ago in the county of Caldwell in said State,
leaving said premises in Lagrange, and leaving no debts or de-
mands against her estate, and hence no necessity of an adminis-
tration; that said          after her death in said county of Caldwell,
obtained letters of guardianship for the children of said Craig,
all being minors, redeemed said premises from tax sale, took con-
trol of said premises, and put said Cook in possession as aforesaid,

as his agent. And said plaintiff further makes known, that, in his capacity of agent, said Cook rented said premises to him, and, at the expiration of said year 1854, said Cook also rented said premises to plaintiff for the year 1855; that he paid said Cook all or nearly all of said rent, under the contract between them; that plaintiff remained in the quiet and peaceable possession of said premises under said Cook, (who was in the quiet and peaceable possession thereof when he put plaintiff into possession,) for the years 1854 and 1855; that said Zapp is his personal enemy, and, plaintiff believes and charges, obtained letters of administration on said estate for the purpose of vexing and harassing plaintiff; that there was no necessity whatever for said administration, and, as plaintiff is informed, believes and charges, no debts against the estate, and no demands in favor of the intestate; that said Zapp, on the      day of      1855, was, on his own application, appointed the administrator of said estate of Mary Craig, by the County Court of Fayette county; that he thereupon took possession of said premises, which plaintiff had left, and sued plaintiff for $100 for the rent of said premises for the years 1854 and 1855, and on the first Saturday in February, A. D. 1855, before the Justice's Court of John C. Cabaniss, a Justice of the Peace in and for beat No. 1 of said county, obtained judgment against said plaintiff for the full amount claimed; that on said trial he merely showed that he had been appointed administrator of said estate, that said plaintiff Homuth had been in possession of said premises, and proved the rent to have been worth $100; and upon this insufficient proof said Justice rendered judgment against plaintiff for said sum, and that, too, when said Zapp never offered the least particle of proof that said Craig was the owner of said property, nor even that she had a right thereto by possession; that said plaintiff offered proof of his renting said premises of said Cook, as agent, and the same was rejected by said Justice; and, after all, said Justice refused to grant plaintiff a new trial. And said plaintiff further alleges, that he is advised, believes and charges that said guardian had reduced said property to his possession, and the same could not afterwards be controlled by an administrator of said Craig; that said administration is frivolous, and said County Court had no jurisdiction to make said appointment after so long a time, when there were no debts, and no necessity for said administration. And said plaintiff further makes known, that great injustice has been done him by said judgment; that execution is now out

against him, and his property is about to be levied on to satisfy the same; wherefore he prays for a citation to said Zapp, who is a citizen of said county of Fayette, to appear and answer, and certiorari to remove said proceedings of said Justice's Court to the District Court, and for a supersedeas against said execution. He also prays for a certiorari to remove all the proceedings from the County Court of Fayette county aforesaid, appointing said Zapp administrator of said estate, including his bond, and all his acts under said appointment, as they appear in said Court. And upon final hearing, plaintiff prays that the appointment of said Zapp as administrator may be reversed, annulled and set aside; that his frivolous demand against plaintiff may be rejected; that he may have judgment for costs and damages, and all relief that he is equitably entitled to.

Writs of certiorari ordered by the Hon. Thomas H. DuVal, then Judge of the Second Judicial District, in which the county of Fayette then was; and issued and returned as prayed.

It appeared from the return of a copy of the proceedings of the County Court, that the petition of Zapp for letters of administration was filed October 12th, 1855. It alleged the death of the intestate, late of this county, in the Fall of 1849; that she left considerable property in the town of Lagrange, in said county; that said property was in a wasting condition, and that it should be administered and taken care of for the use of two or three small children of the intestate; wherefore petitioner prayed letters of administration. It also appeared that the letters were ordered; that Zapp qualified, &c.

At the return Term, on motion of the plaintiff, the certiorari was dismissed.

*W. G. Webb,* for plaintiff in error. It does distinctly appear, that Homuth attempted to introduce his proof of renting from Cook, and was not allowed to do so, and thus his whole defence was cut off, for that Court could not consider the legality of the appointment of the administrator. In three points of view, the petition is sustainable: 1st. The evidence introduced by the plaintiff was not sufficient to sustain the judgment, as he showed no claim whatever to the property. 2d. Without bringing into question the legality of the administration, the renting from Cook was a sufficient protection. The guardian had taken possession of the property and required dominion over it, of a cha-

racter to exclude the right of an administrator, and it was competent for the Justice to decide the control of the guardian superior to that of the administrator. 3d. The grant of letters was a nullity; First, because Mary Craig died in Caldwell county, and that was the proper place to apply; Second, because there was no necessity for an administration and no property for one to control, and no debts to collect or pay, and the law will not allow a party, for his private revenge, to obtain letters to vex and harass his neighbor. (Bufford v. Holliman, 10 Tex. R. 560; Blair v. Cisneros, Id. 34.) We respectfully ask a reversal of the judgment.

*Tate* and *McFarland*, for defendant in error. I. What was the object of the certiorari? Was it to revise the proceedings of the Justice's Court, or of the County Court, or of both? The allegations and prayers of the petition certainly refer to both, and leave but little room to doubt that the object sought was to annul and vacate the letters of administration, and all the proceedings had in relation thereto in the County Court; and also to reverse and annul the judgment of the Justice. The question then to be decided is, Could the District Court, sitting as an appellate tribunal, (in the same proceeding,) revise and correct the proceedings of two Courts possessing distinct jurisdiction, had in relation to different causes, in which different parties are interested?

II. But there are other grounds on which the certiorari ought to have been dismissed. It is not shown that the proper defence was made, before the Justice, and a wrong decision had thereon; or that the defence now sought to be made could not have been made before the Justice, by the use of proper diligence.

III. The grant of letters of administration on the estate of Mary Craig is not a nullity. The petition for certiorari declares that all the property belonging to her estate was situated in Fayette county. This of itself gave that Court jurisdiction; but it is to be inferred from the proceedings had in the County Court, that Mrs. Craig died in Fayette county.

HEMPHILL, CH. J. We are of opinion that there was error in dismissing the writ of certiorari.

The petition of Zapp for administration, six years after the death of the intestate, shows that the object of taking out ad-

ministration was not to pay debts, for he does not allege any; but to take care of the property for two or three minor heirs of the deceased.

The defendant, that is the debtor, avers that he rented the property from an agent, or supposed agent of a guardian of these children, and had paid all, or nearly all of the rent; that his offer to make proof of renting from the agent of the guardian was rejected; that the guardianship was taken out in another county, being the county in which intestate had died.

The averments are not quite satisfactory, but we deem them sufficient to authorize a trial in the District Court. If it be true, that there were no debts, the plaintiff should have sought letters of guardianship, instead of administration; and if the rent was paid to a guardian previously appointed, it cannot be recovered by the administrator, and especially under the facts set out in this case. Judgment reversed and cause remanded.

Reversed and remanded.